Curia,per

Earle, J.
The attachment acts authorize Justices of the Peace to grant writs of attachment in certain cases, on the oath of the plaintiff, returnable either to the .next Court for the district, or before themselves, according to the amount sued for. The cases provided for, in which Justices have this extraordinary jurisdiction, are, 1st. Where the debtor is removing out of the district privately; 2d. Where he absconds and conceals himself, so that the ordinary process of Jaw cannot be served upon him; and 3d. Where he intends to remove his effects. Although it has been held, in M’Kenzie vs. Buchan, (1 N. & M’C. R., 205,) that the oath of the plaintiff, establishing the particular state of facts'which gives jurisdiction to the Justice, need not be in writing; yet it is clear, both on general principle and on authority, that it should be recited in the writ. This is universally true of all Courts of *6 inferior and limited jurisdiction — that their proceedings must shew, upon their face, that the subject matter is within their jurisdiction, else they will be regarded as nullities. And very many cases will be found in the English books, and in our own, of their being quashed on motion. The general rule, as stated by the Court in Winford vs. Powell, (2 Ld. Raym. 1310,) in regard to inferior Courts, is, that nothing shall be intended to be within the jurisdiction, that is not expressly averred so to be; though, in the case of a superior jurisdiction, nothing shall be intended out of it; (the same in 5 Mod. 322; 6 Mod. 223). Str. 8; 6 Term, 583; Whenever a special authority is. given to Justices, it ought to appear that the authority has been exactly pursued. Lord C. J. Pratt said, in a case before him, “ I do not see to what purpose we exercise a superintendency overall inferior jurisdictions, unless it be to inspect their proceedings and see whether they are regular or not. I have often heard it said, that nothing shall be presumed one way or the other in an inferior jurisdiction.”
If the proceeding shew upon its face that the Justice had no authority to grant the attachment, or if it fail to shew that he had, then no judgment could be given upon it, either by himself, or by the Circuit Court; but the whole is an absolute nullity, and it is of no consequence in what way the defect is brought to the view of the Court, or at whose motion it is quashed. Hagood vs. Hunter, (1 M’C. R., 511,) is exactly this case; and, perhaps, it would have been enough to refer to it. There the affidavit was, that the defendant was “ about to remove from and without the limits, or so absconds and conceals himself,” &c. Here he is “about to remove out of the State personally, or so absconds and conceals himself,” &c. To authorize' the attachment, there should be a precise allegation of some one of the three categories which give jurisdiction. To be “about to remove out of the State personally,” is very different from being in the act of “removing privately out of the district;” and there is as much reason to suppose the writ *7 issued on that part of the oath, as on the other. Indeed, I would consider an affidavit, or recital of one, in the disjunctive, as bad, although either of the facts deposed to might be sufficient.
Wardlaie &; Perrin, for the motion, Burt f Thompson, contra.
This case is very unlike those of Havis vs. Trapp, and Grisham vs. Deale, (2 N. & M’C. R. 130.)—There, the motion was to allow defendant to introduce affidavits of himself and others to contradict the oath of the plaintiff, and to quash the attachment because it was not true. This was refused, because it made up a collateral issue, where the Act had provided that the plaintiff’s oath alone should be sufficient; and the Court properly refused to go into evidence aliunde, when the attachment was regular and valid on its face,
Motion dismissed;
the whole Court concurring.